Bobbie **BARANOWSKI**, Plaintiff,

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA**, Defendant.

**Civ. A. No. 3:91–CV–1696–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 6, 1992.

Scott H. Richard of Kraft & Johnson, Dallas, Tex., for plaintiff.

Darryl J. Silvera of E. Thomas Bishop, P.C., Dallas, Tex., for defendant.

FITZWATER, District Judge:

I

Defendant National Union Fire Insurance Co. of Pittsburgh, Pennsylvania ("National Union") on January 22, 1992 filed objections to plaintiff Bobbie Baranowski's January 10, 1992 notices of written depositions and questions directed to two physicians. Included in the objections is this

**56**

prayer for relief, which is common in form to both motions:

> Defendant prays that upon hearing, its Objections be sustained, that Plaintiff's Deposition on Written Questions of [named physician] be quashed, that Defendant be awarded reasonable costs and attorneys' fees, and for such other general relief to which this Defendant may be justly entitled.

The question presented is whether the objections alone, unaccompanied by a Fed. R.Civ.P. 26(c) motion, are sufficient to require a pre-deposition ruling by a district or magistrate judge of the court. The court holds they are not.

## II

Rule 31 provides that depositions may be taken upon written questions. Rule 32(d)(3) specifies that objections to the form of written questions are waived, unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions (a period defined by Rule 31(a)) and within five days after service of the last questions authorized. The six objections lodged by National Union are all form objections.

National Union requests on the basis of these objections that a hearing be conducted, that the noticed depositions be quashed, and that it be awarded attorney's fees, costs, and general relief. The court finds nothing in the applicable Rules that permits such relief on the basis of these objections alone. Rule 32(d) deals with the "Effect of Errors and Irregularities in Depositions." It specifies the errors and irregularities that are waived unless preserved in the manner prescribed. The interposing of objections by National Union serves the function of avoiding the waiver of any such error or irregularity—in this case, those that pertain to the form of certain written questions. It does not trigger a right to a hearing and to quash the deposition. For relief of that nature, a party must look to Rule 26(c). *Cf.* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2035 at 266 (1970) (motion for protective order is only device by which to challenge taking of

deposition before it begins). This Rule requires a motion. Our local rules prescribe that the motion be supported by a brief and accompanied by a proposed order, and that the motion contain a certificate of conference. *See* N.D.Tex.R. 5.1(a), (c), (d), and N.D.Tex.R.App. I, *reprinted in* Texas Rules of Court: Federal 209, 220 (West Pamp.1991).

Accordingly, although National Union's objections may, without more, be sufficient to avoid waiving error as to the form of the deposition questions in issue, the objections do not give rise to a right to a hearing or to quash the depositions. To the extent the objections seek such relief, the objections are denied.

SO ORDERED.